1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10
11

RAYMUNDO SALDOVAL,                           1: 05 CV 01647 LJO WMW HC

12
                        Petitioner,          FINDINGS AND RECOMMENDATIONS RE
13                                           MOTION TO DISMISS PETITION FOR WRIT
                                             OF HABEAS CORPUS
14      v.
                                             [Doc. 16]
15
HARRIS,
16
                        Respondent.
17   _____/

18
19
20

        Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28

21
U.S.C. Section 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28

22
U.S.C. § 636(b)(1)(B) and Local Rule 72-302.  Pending before the court is Respondent's motion to

23
dismiss.

24
                              **PROCEDURAL HISTORY**

25
        On December 7, 2000, Petitioner was convicted of possessing tar heroin while confined in a

26
penal institution, possessing controlled substance paraphernalia while confined in a penal institution,

27
obstructing a peace officer by force or violence, and possessing a sharp instrument while confined in

28

1  a penal institution.  The trial court sentenced Petitioner to a state prison term of 25 years to life plus

2  one year for a prior prison term enhancement.  Petitioner filed a direct appeal and on November 26,

3  2001, the Court of Appeal affirmed the judgment.  Petitioner sought review in the California

4  Supreme Court, which denied his petition on January 29, 2002.

5         Petitioner subsequently filed nine pro se petitions for post-conviction relief, the first of them

6  on July 24, 2003.  Petitioner also filed two petitions for writ of habeas corpus in federal court, the

7  first of them on April 24, 2003.

8                                    **LEGAL STANDARD**

9  JURISDICTION

10        Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant

11 to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of

12 the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams v. Taylor, 120 S.Ct.

13 1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by

14 the United States Constitution.  In addition, the conviction challenged arises out of the Kern County

15 Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).

16 Accordingly, the court has jurisdiction over the action.

17        On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

18 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.

19 Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct.

20 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97

21 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other*

22 *grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable

23 to cases filed after statute's enactment).  The instant petition was filed after the enactment of the

24 AEDPA, thus it is governed by its provisions.

25 STANDARD OF REVIEW

26        This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

27 pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

28 Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

1    The AEDPA altered the standard of review that a federal habeas court must apply with

2   respect to a state prisoner's claim that was adjudicated on the merits in state court. <u>Williams v.</u>

3   <u>Taylor</u>, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will

4   not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or

5   involved an unreasonable application of, clearly established Federal law, as determined by the

6   Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable

7   determination of the facts in light of the evidence presented in the State Court proceeding." 28

8   U.S.C. § 2254(d); <u>Lockyer v. Andrade</u>, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth

9   Circuit's approach in <u>Van Tran v. Lindsey</u>, 212 F.3d 1143 (9th Cir. 2000)); <u>Williams v. Taylor</u>, 120

10   S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court

11   concludes in its independent judgment that the relevant state-court decision applied clearly

12   established federal law erroneously or incorrectly."  <u>Lockyer</u>, at 1174 (citations omitted).  "Rather,

13   that application must be objectively unreasonable."  <u>Id.</u> (citations omitted).

14    While habeas corpus relief is an important instrument to assure that individuals are

15   constitutionally protected, <u>Barefoot v. Estelle</u>, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);

16   <u>Harris v. Nelson</u>, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal

17   conviction is the primary method for a petitioner to challenge that conviction.  <u>Brecht v.</u>

18   <u>Abrahamson</u>, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual

19   determinations must be presumed correct, and the federal court must accept all factual findings made

20   by the state court unless the petitioner can rebut "the presumption of correctness by clear and

21   convincing evidence." 28 U.S.C. § 2254(e)(1); <u>Purkett v. Elem</u>, 514 U.S. 765, 115 S.Ct. 1769

22   (1995); <u>Thompson v. Keohane</u>, 516 U.S. 99, 116 S.Ct. 457 (1995); <u>Langford v. Day</u>, 110 F.3d 1380,

23   1388 (9th Cir. 1997).

24                                   **DISCUSSION**

25    Respondent moves to dismiss this petition on two grounds.   Petitioner opposes the motion.

26   First, Respondent contends that this petition is untimely as filed beyond the applicable one-year

27   statute of limitations.  Second, Respondent contends that this action must be dismissed as a mixed

28   petition containing both exhausted and unexhausted claims.  Because the court finds that

1    Respondent's first contention is meritorious, it finds in unnecessary to address the second.

2         The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

3    petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision

4    (d) reads:

5         (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
          corpus by a person in custody pursuant to the judgment of a State court.  The
6         limitation period shall run from the latest of –

7              (A) the date on which the judgment became final by the conclusion of direct
               review or the expiration of the time for seeking such review;
8
               (B) the date on which the impediment to filing an application created by
9         State action in violation of the Constitution or laws of the United States is removed, if
          the applicant was prevented from filing by such State action;
10
               (C) the date on which the constitutional right asserted was initially recognized by
11        the Supreme Court, if the right has been newly recognized by the Supreme Court and made
          retroactively applicable to cases on collateral review; or
12
               (D) the date on which the factual predicate of the claim or claims presented
13        could have been discovered through the exercise of due diligence.

14        (2) The time during which a properly filed application for State post-conviction or
          other collateral review with respect to the pertinent judgment or claim is pending shall
15        not be counted toward any period of limitation under this subsection.

16
         In this case, the statute of limitations began running on April 30, 2002, the day the 90-day
17
     deadline expired for Petitioner to have filed a petition for writ of certiorari with the United States
18
     Supreme Court after the California Supreme Court denied the petition for review.  Thus, absent any
19
     tolling, the statute of limitations would have expired on April 29, 2003.   Petitioner filed his first
20
     habeas corpus petition on April 24, 2003, after 360 days of the one-year statute of limitations had
21
     expired.  Although the limitations period tolls while a properly filed request for collateral review is
22
     pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time an application is pending
23
     in federal court. Duncan v. Walker, 121 S.Ct. 2120, 533 U.S. 167 (2001).   Thus, the statute of
24
     limitations continued to run while Petitioner's first federal habeas corpus petition was pending and
25
     expired on April 29, 2003.  The first state habeas corpus petition was not filed until July 24, 2003.
26
     Because the statute of limitations had already expired by that time, the first state habeas corpus
27
     petition did not have any tolling effect.  Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000)
28

1  (Petitioner is not entitled to tolling where the limitations period has already run); see also Webster v.

2  Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002).

3        The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a

4  prisoner's control" have made it impossible for the petition to be filed on time.  Calderon v. U.S.

5  Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), citing Alvarez-Machain v. United States, 107

6  F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S. 814, 118 S.Ct. 60, 139 (1997); Calderon v.

7  United States Dist. Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), overruled in part on other grounds

8  by, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc) (noting that

9  "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if

10  'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on

11  time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to

12  file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v.

13  Prunty, 187 F.3d 1104, 1107 (9th Cir.1999), citing Kelly, 163 F.3d at 541; Beeler, 128 F.3d at

14  1288-1289.   In this case, the court finds no basis set forth in either the petition or the opposition to

15  support equitable tolling.   See, generally., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905,

16  909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but

17  insufficient to establish cause);  Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Rose v. Dole, 945

18  F.2d 1331, 1335 (6th Cir.1991).

19        In light of the above, the court must conclude that the statute of limitations expired in this

20  case on April 29, 2003.   Thus, the present action, filed December 30 ,2005, is barred by the statute

21  of limitations.

22

23        Based on the foregoing, IT IS HEREBY RECOMMENDED as follows;

24  1)     that Respondent's motion to dismiss be GRANTED;

25  2)     that this petition for writ of habeas corpus be DISMISSED as barred by the statute of

26       limitations;

27  3)     that the Clerk of the Court be directed to enter judgment for Respondent and to close this

28       case.

1

2          These Findings and Recommendation are submitted to the assigned United States District

3   Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the

4   Local Rules of Practice for the United States District Court, Eastern District of California.  Within

5   thirty (30) days after being served with a copy, any party may file written objections with the court

6   and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate

7   Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within

8   ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The court will

9   then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are

10  advised that failure to file objections within the specified time may waive the right to appeal the

11  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

12  IT IS SO ORDERED.

13  **Dated:     January 15, 2008              /s/  William M. Wunderlich**
                                          UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28